IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN HEMPSTEAD, ) | |
| No. B31386, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00068-SMY |
| ) | |
| RANDY DAVIS, ) | |
| WARDEN LOVE, ) | |
| MAJOR B. CAMPBELL, ) | |
| LT. HARRISON, ) | |
| AUBREY EDWARDS, ) | |
| CHAD MYERS, ) | |
| B. HOLLOMAN, and ) | |
| C/O D. HARNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Calvin Hempstead, an inmate currently housed in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged failure of prison officials to protect him from his known enemies while he was housed at Vienna Correctional Center (Doc. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

  According to the complaint, on three separate occasions between September 20, 2013, and December 17, 2013, Plaintiff informed prison officials that several inmates now housed along with Plaintiff at Vienna Correctional Center had attempted to kill him before they were all in prison, and that he feared for his life.  Nothing was done to protect Plaintiff and he was repeatedly told that each time he refused to return to the general population he would lose good time credit (which would lengthen his time in prison), effectively forcing Plaintiff back into general population and harm's way.  After each of the three pleas for protection, Plaintiff was physically attacked.  It is not clear whether the prisoners identified as enemies were the ones who attacked Plaintiff, but at this early juncture that will be assumed to be the case.

  Based on the allegations in the complaint, the Court finds it convenient to summarize the *pro se* action in a single, overarching claim:

**Count 1:   Defendants failed to protect Plaintiff from assault, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Accordingly, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002).  However, as a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  That the officer had actual knowledge of impending harm can be inferred from circumstantial evidence.  *Id*. at 842.  Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior.  *Id*. at 835.  Instead, the officer must have acted with the equivalent of criminal recklessness.  *Id*. at 836–37.  Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Based on the allegation in the complaint, it appears that, on or about September 20, 2013, seven of the eight named defendants were informed by Plaintiff that Plaintiff feared for his life, yet nothing was done.  Rather, statements were made advising Plaintiff that he would just have to "do what he had to do," if confronted by an enemy—suggesting to Plaintiff that the officials had

no intention of protecting him. Furthermore, Plaintiff was left to choose between gambling on his safety or losing good time credit. Thus, the allegations state a colorable Eighth Amendment claim, but that does not end the Court's analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There are allegations in the complaint sufficiently implicating Defendants Davis, Love, Campbell, Edwards, Myers, Holloman and Harner. However, there are no allegations in the narrative of the complaint regarding Defendant Lt. Harrison—no indication that he had any knowledge of a threat, or failed to protect Plaintiff. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For these reasons, Lt. Harrison will be dismissed, albeit without prejudice, and Count 1 shall proceed against all other named defendants.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **LT. HARRISON** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment "failure to protect" claim shall otherwise **PROCEED** against Defendants **RANDY DAVIS**, **WARDEN LOVE**, **MAJOR B. CAMPBELL**, **AUBREY EDWARDS**, **CHAD MYERS**, **B. HOLLOMAN** and **C/O D. HARNER**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915(d), Plaintiff's motion for service of process at government (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **RANDY DAVIS**, **WARDEN LOVE**, **MAJOR B. CAMPBELL**, **AUBREY EDWARDS**, **CHAD MYERS**, **B. HOLLOMAN** and **C/O D. HARNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 11, 2015**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**